UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

D-3, SHAWN PEARSON,

      Defendant.
_____/

Case No. 15-20457
Hon. Matthew F. Leitman

## ORDER DENYING DEFENDANT SHAWN PEARSON'S RENEWED MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT OR, IN THE ALTERNATIVE, FOR A NEW TRIAL (ECF # 142)

On February 14, 2017, a jury found Defendant Shawn Pearson ("Pearson") guilty of three counts of interference with commerce by robbery and three counts of using and carrying a firearm during and in relation to a crime of violence. (*See* ECF #132.) Pearson has now filed a renewed motion for judgment notwithstanding the verdict or, in the alternative, for a new trial (the "Motion"). (*See* ECF #142.) For the reasons explained below, the Motion is **DENIED**.

**I**

Pearson first contends that under Rule 29 of the Federal Rules of Criminal Procedure, he is entitled to a judgment of acquittal because the Government's evidence was insufficient to support his conviction. (*See* Mot., ECF #142 at Pg. ID 660-62.) In this context, "the relevant question is whether, after viewing the

1

evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). "A convicted defendant bears 'a very heavy burden' to show that the government's evidence was insufficient." *United States v. Tragas*, 727 F.3d 610, 617 (6th Cir. 2013) (quoting *United States v. Kernell*, 667 F.3d 746, 756 (6th Cir. 2012)).

Pearson insists that "the government failed to introduce any reliable evidence" to support his conviction. (Mot., ECF #142 at Pg. ID 661.) The Court disagrees. The only disputed issue at trial was identification, and the Government presented ample evidence that Pearson was the person who committed the charged offenses (along with others).

More specifically, the Government presented testimony from Kiara Hobbs ("Hobbs"), one of Pearson's accomplices in all of the charged offenses. Hobbs implicated Pearson in every charged robbery and tied him to the knowing and intentional use and carrying of firearms in connection with those robberies. Hobbs' testimony, standing alone, would almost certainly have been sufficient to support Pearson's conviction. But the Government offered more. Much more.

The Government supplemented Hobbs' testimony with evidence that:

- Pearson admitted possessing a Glock pistol during the time period in which two of the robberies were committed. An expert in the examination of firearms and ammunition testified that a fired bullet and shell casing

2

recovered at the scene of one of those robberies matched the Glock pistol that Pearson admitted possessing;

- An employee of Dollar General – the store that Pearson and others robbed – testified that one of the robbers had a tattoo on his hand/arm. Pearson has a tattoo on his hand/arm;

- Ninety minutes after one of the robberies, Pearson and his co-defendant posted to Facebook a photo of themselves and the other members of the alleged robbery team posing with cash;

- Cell cite analysis placed Pearson's cell phone in the general vicinity of each robbery around the time of each robbery; and

- Pearson's own Facebook posts confirmed Pearson's connections to the other members of the robbery team.

All of this evidence, viewed in the light most favorable to the Government, was more than sufficient to establish that Pearson was one of the individuals who committed the charged offenses. Therefore, Pearson is not entitled to a judgment notwithstanding the verdict under Rule 29.

## II

Pearson argues in the alternative that the Court should grant him a new trial under Rule 33 of the Federal Rules of Criminal Procedure on the ground that the verdict was against the great weight of the evidence. (*See* Mot., ECF #142 at Pg. ID 660-62.) Generally, such a motion is granted "only 'in the extraordinary circumstance where the evidence preponderates heavily against the verdict.'" *United States v. Hughes*, 505 F.3d 578, 592-93 (6th Cir. 2007) (quoting *United States v. Turner,* 490 F. Supp. 583, 593 (E.D. Mich. 1979), *aff'd,* 633 F.2d 219 (6th

Cir.1980)). Moreover, "[a] district judge, in considering the weight of the evidence for purposes of adjudicating a motion for new trial, may act as a thirteenth juror, assessing the credibility of witnesses and the weight of the evidence." *Id.* (citing *United States v. Lutz,* 154 F.3d 581, 589 (6th Cir. 1998)).

The Court does not believe that the verdict was against the great weight of the evidence. As an initial matter, the Court believes that Hobbs testified truthfully about Pearson's involvement in the offenses. While defense counsel impeached Hobbs on a number of matters, the Court nonetheless finds credible the core of her testimony – that Pearson knowingly and intentionally participated in all three robberies and knowingly and intentionally used and carried a firearm in connection with those robberies. And the Court finds no reason to discount any of the Government's other evidence. Given the Court's belief in Hobbs' testimony and the strength of the Government's additional evidence, the Court does not conclude that the jury's verdict was against the great weight of the evidence or should be disturbed.

### III

Pearson next argues that the Court erred when it admitted opinion testimony from FBI Special Agent Joseph Jensen ("Jensen"). (*See* Mot., ECF #142 at Pg. ID 663-65.) Jensen testified that he had conducted a historical cell cite analysis and had concluded, based upon that analysis, that Pearson's cellular phone was in the general vicinity of the each of the three robberies around the time of the robberies.

4

Pearson moved to exclude this testimony before trial, and the Court issued an oral ruling denying that motion following a *Daubert* hearing. (*See* Tr.1/27/17, ECF #122 at 74-79, 80-82, Pg. ID 567-72, 573-75.) The Court incorporates that oral ruling into this Order.

Pearson first contends that the Court should not have admitted Jensen's testimony because Jensen relied upon the theory that "the cellular phone signal hits the nearest cell tower and invariably the person must have been in the vicinity of the cell tower while using the phone." (Mot., ECF #142 at Pg. ID 663.) Jensen did not rely on that theory. Instead, he opined that if a cellular telephone's signal interacts with a cell tower, then one can conclude that the phone is within that tower's service area. This theory did not depend upon whether the tower in question was the closest to the cellular phone.

Pearson further maintains that Jensen did not ground his opinion in reliable data. But as the Court explained when it denied Pearson's *Daubert* motion, Jensen reasonably relied upon information that experts in the field commonly rely upon, and the Court was not required to exclude Jensen's testimony on the ground that some of the information he relied upon was hearsay. *See Kingsley Assoc. v. Del-Met, Inc.*, 918 F.2d 1277, 1285-86 (6th Cir. 1990) (citing Federal Rule of Evidence 703); *see also Conwood Co., L.P. v. U.S. Tobacco Co*, 290 F.3d 768, 786 n.3 (6th Cir. 2002) (citing *Kingsley*). More specifically, Jensen explained at the *Daubert* hearing

5

that he relied upon information concerning the design and operation of the networks that the engineers employed by the cellular providers rely on when they design and operate the networks. Jensen further explained that if that information supplied by, and relied upon by, the engineers was not reliable and accurate, the networks would not function effectively. The Court is persuaded that Jensen grounded his opinion on reliable information.

Pearson also complains that he did not have sufficient time to prepare a *trial* cross examination of Jensen concerning the sources of information upon which Jensen relied. Pearson insists that he first learned of those sources at the *Daubert* hearing – ten days before trial. But Pearson did not request an adjournment of trial to allow him to further investigate the sources on which Jensen relied. Moreover, Pearson had Jensen's export report for more than *five* months prior to the start of trial. Furthermore, as the final transcript of the trial will confirm, counsel for both Pearson and his co-defendant *did* effectively cross-examine Jensen. They elicited important concessions from him and otherwise blunted the force of much of his testimony – including, most prominently, by eliciting an admission from Jensen that he could do nothing more than put the Defendants in the *general* vicinity of the robberies.[1]

---

[1] Additional concessions – elicited on cross-examination by both defense attorneys – will be reflected in the transcripts which have not yet been prepared.

Finally, even if the Court erred when it admitted Jensen's testimony (and the Court does not believe that it erred), the Court would not grant a new trial on that basis. The Court is not persuaded that Jensen's testimony ultimately made a difference at trial. As noted above, the defense substantially undermined the force of Jensen's testimony through vigorous and effective cross-examination. Moreover, Jensen's testimony was just one of many different ways that the Government tied Pearson to the offenses. The Court is confident that it was not a dispositive link between Pearson and the crimes and that the jury would have convicted him even without Jensen's testimony. Accordingly, Pearson is not entitled to relief based upon the admission of Jensen's opinion testimony.

## IV

Pearson last argues that the Court erred when it allowed the Government to admit exhibits that reflected posts from the Facebook page of his co-defendant, Dwayne Dupree ("Dupree"). (*See* Mot., ECF #142 at Pg. ID 665-66.) Pearson argues that the admission of these statements by his non-testifying co-defendant violated his rights under the Confrontation Clause. But the Court was very careful to give precise limiting instructions to the jury every single time that the Court admitted evidence from Dupree's Facebook page that was not admissible against Pearson. The jurors are presumed to have followed these instructions, *see United States v. Harvey*, 653 F.3d 388, 396 (6th Cir. 2011), and Pearson has not persuaded

the Court that the jurors failed to do so here. Moreover, Pearson has not persuaded the Court that the Facebook posts were testimonial such that the Confrontation Clause applies to them.

V

For the reasons explained above, **IT IS HEREBY ORDERED** that Pearson's renewed motion for judgment notwithstanding the verdict or, in the alternative, for a new trial (ECF #142) is **DENIED**.

Dated: April 25, 2017

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 25, 2017, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113