UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                      Case No. 15-20457
                                            Hon. Matthew F. Leitman

v.

SHAWN PEARSON,

       Defendant.

_____/

## ORDER (1) DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE (ECF No. 191) AND (2) DENYING DEFENDANT A CERTIFICATE OF APPEALABILITY

On February 14, 2017, a jury in this Court convicted Defendant Shawn Pearson of three counts of Hobbs Act robbery in violation of 18 U.S.C. § 1951, one count of brandishing a firearm during and in relation to a Hobbs Act robbery in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and two counts of discharging a firearm during and in relation to Hobbs Act robberies in violation of 18 U.S.C. § 924(c)(1)(A)(iii). The Court subsequently sentenced Pearson to a term of 58 years in prison. The sentence was comprised of (1) three 1-year terms on the Hobbs Act robbery convictions to be served concurrently to one another, (2) a 7-year term on the brandishing a firearm conviction to be served consecutively to all other counts, and (3) two 25-year terms on the discharging a firearm counts, each to be served consecutively to all other counts.

Pearson was subject to such a lengthy sentence for two reasons. First, the federal sentencing statute applicable to Section 924(c) convictions requires that "no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person." 18 U.S.C. § 924(c)(1)(D)(ii). Thus, the Court was required to "stack" Pearson's three Section 924(c) convictions consecutively to one another and consecutively to all other terms of imprisonment.[1]

Second, Pearson was subject to a sentencing enhancement under 18 U.S.C. § 924(c)(1)(C). At the time of Pearson's offense conduct and at the time of sentencing, 18 U.S.C. § 924(c)(1)(C) provided in relevant part:

> In the case of a second or subsequent conviction under this subsection, the person shall – (i) be sentenced to a term of imprisonment of not less than 25 years....

Under that version of the statute, the Court was required to enhance the sentences for Pearson's second and third Section 924(c) convictions for discharging a firearm to 25 years on each count because they were "second or subsequent" to his first Section 924(c) conviction for brandishing a firearm. And this sentencing enhancement was mandatory even though all of Pearson's Section 924(c) convictions arose out of the same indictment and were entered in the same

---

[1] Pearson acknowledges that "[b]ecause [he] was to be sentenced for three separate counts of violating § 924(c), the Court was required to structure the sentences consecutively." (Mot. to Vacate Sent., ECF No. 191, PageID.2149.)

proceeding. *See*, *e.g.*, *Deal v. United States*, 508 U.S. 129, 113 (1993). As another Judge on this Court recently explained:

> At the time defendant was sentenced, "any [second or] subsequent § 924(c) conviction [was] punishable by a statutory mandatory sentence of twenty-five years to run consecutively with any other counts of conviction." *United States v. Ervin*, 266 F. App'x 428, 435 (6th Cir. 2008) (alterations added) (internal citations omitted). And ["]in *Deal v. United States*, 508 U.S. 129, 113 (1993), the Supreme Court ... held that the twenty-five-year mandatory minimum for a second or subsequent conviction attache[d] not only when a defendant [wa]s convicted of an offense and [wa]s later convicted of another offense, but also when a defendant [wa]s convicted of multiple offenses in the same proceeding.["] *Id.* at 135-36. *United States v. Washington*, 714 F.3d 962, 969-70 (6th Cir. 2013) (alterations added). Thus, "*Deal* had interpreted § 924(c)(1)(C) to require penalty stacking when a jury made sequential, cascading guilt findings on multiple § 924(c) counts within one Indictment," *United States v. Havens*, 374 F. Supp. 3d 628, 632 (E.D. Ky. 2019), and the Court was therefore required to sentence defendant to a consecutive 300-month term of imprisonment for his second § 924(c) conviction.

*United States v. Robinson*, 2019 WL 4463272, at *1 (E.D. Mich. Sept. 18, 2019).

After Pearson's conviction and sentencing, Congress passed what is known as the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194 (2018). In that Act, among other things, Congress amended Section 924(c)(1)(C) so that the sentencing enhancement under that provision would only apply "where a prior conviction was

final." *Robinson*, 2019 WL 4463272, at *2. Relevant here, Section 403 of the First Step Act provides that:

> (a) IN GENERAL.—Section 924(c)(1)(C) of title 18, United States Code, is amended, in the matter preceding clause (i), by striking "second or subsequent conviction under this subsection" and inserting "violation of this subsection that occurs after a prior conviction under this subsection has become final".
>
> (b) APPLICABILITY TO PENDING CASES.—This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.

First Step Act of 2018, Pub. L. No.115-391, § 403, 132 Stat. 5194, 5221-22 (2018). Through this section, the First Step Act reversed the holding in *Deal* that where a defendant is convicted of multiple Section 924(c) offenses in the same proceeding, courts must enhance the sentences for all Section 924(c) convictions beyond the first even if the defendant was never before convicted of a Section 924(c) offense. *See, e.g.*, *Robinson*, 2019 WL 4463272, at ** 1-2.

On November 20, 2019, Pearson filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (*See* Mot., ECF No. 191.) In the motion, Pearson argues that based on the passage of the First Step Act, his sentence is "unlawful and must be vacated." (*Id.*, PageID.2149.) More specifically, Pearson argues that the First Step Act clarifies Congress' intent that defendants like him who

had never before been convicted of a Section 924(c) offense should not be subject to the sentencing enhancement included in 18 U.S.C. § 924(c)(1)(C).[2] (*See id.*)

But, as quoted above, Section 403(b) of the First Step Act states that Congress' clarification applies *only* "if a sentence for the offense has not been imposed as of [the] enactment [of the First Step Act]." First Step Act of 2018, Pub. L. No.115-391, § 403(b), 132 Stat. 5194, 5221-22 (2018). Thus, courts have repeatedly held that where, as here, a defendant had been sentenced *prior* to the enactment of the First Step Act, the Act does not entitle him to a new or reduced sentence. *See, e.g.*, *Robinson*, 2019 WL 4463272, at *2 (denying motion for sentence reduction and noting that "Section 403 [of the First Step Act] makes it clear that this section applies only to offenses committed before the Act's December 21, 2018, enactment date 'if a sentence for the offense has not been imposed' as of that date. In the present case, because defendant was sentenced in October 2002 – more than

---

[2] As explained above, the Court sentenced Pearson to a total of 58 years in prison (three 1-year terms to be served concurrent to one another for Pearson's Hobbs Act conviction, a 7-year term to be served consecutively to all counts for Pearson's brandishing a firearm conviction, and two, enhanced 25-year terms to be served consecutively to all counts for Pearson's two discharging a firearm convictions). Pearson insists that the Court should have sentenced him to just 28 years (three 1-year terms to be served concurrent to one another for Pearson's Hobbs Act conviction, a 7-year term to be served consecutively to all counts for Pearson's brandishing a firearm conviction, and two, *unenhanced*, 10-year terms to be served consecutively to all other counts for Pearson's two discharging a firearm convictions). (*See* Mot. to Vacate Sent., ECF No. 191, PageID.2149.) In other words, in Pearson's motion to vacate, he challenges *only* the Court's enhancement of his sentence under 18 U.S.C. 924(c)(1)(C).

sixteen years before the First Step Act went into effect – § 403 is inapplicable and has no effect on his sentence"); *United States v. Rondon*, 2019 WL 1060813, at *2 (M.D. Fla. Mar. 6, 2019) (dismissing motion to vacate sentence and holding that "a prisoner sentenced before enactment of the First Step Act is not entitled to the retroactive application of the changes to a sentence under Section 924(c)"); *Brown v. Antonelli*, 2019 WL 2358977, at *2 (D.S.C. June 4, 2019) ("§ 403(b) of the First Step Act explicitly states, [']this section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.' Brown was sentenced in 2007, prior to the enactment of the First Step Act. Accordingly, based on the plain language of the First Step Act, § 403 does not retroactively affect Brown's sentence").

Pearson counters that the above-cited cases do not control because he "is *not* seeking retroactive application of the First Step Act in this matter." (Resp. to Show Cause Order, ECF No. 195, PageID.2164; emphasis in original.) Instead, he "argues that the prior version of § 924(c)(1)(C) is vague and overbroad, as evidenced by Congress' need to 'clarify' legislative intent behind the statute." (*Id*., PageID.195.) And he "asks the Court to apply the rule of lenity and construe the language 'second or subsequent conviction' in §924(c)(1)(C) to mean what Congress intended all along…." (*Id*.)

The problem with this argument is that at the time of Pearson's offense conduct and his sentencing, Section 924(c)(1)(C) was not "vague" or imprecise with respect to the meaning of "second or subsequent conviction." Nearly two decades before Pearson's crime and his sentencing, the Supreme Court in *Deal* authoritatively construed that term and eliminated any arguable ambiguity. As described above, in *Deal*, the Supreme Court addressed whether a Section 924(c) conviction could be a "second or subsequent conviction" to another Section 924(c) conviction if the two convictions were returned in a "single proceeding." *Deal*, 508 U.S. at 131. And the Supreme Court answered that question in the affirmative. *See id*. at 131-32. After *Deal*, the meaning of "second or subsequent conviction" as used in Section 924(c)(1)(C) was clear: a criminal defendant like Pearson who was convicted of multiple Section 924(c) violations in a single proceeding *was* subject to an enhanced 25-year sentence for each Section 924(c) conviction after the first conviction. Because the statute, as construed by the Supreme Court in *Deal*, was clear at the time of Pearson's crimes and sentencing, there is no basis for this Court to apply the rule of lenity nor grant the relief Pearson seeks here. *See Burgess v. United States*, 553 U.S. 124, 135 (2008) ("The touchstone of the rule of lenity is statutory ambiguity.").

In sum, the combination of (1) the decision in *Deal* and (2) Congress' statement in Section 403 of the First Step Act that the Act applies prospectively only,

forecloses Pearson's request for a modification of his sentence. While the result here seems harsh, the Court sees no permissible basis on which to grant Pearson's motion. Accordingly, for the reasons explained above, the motion is **DENIED**.

Finally, Pearson may not appeal the Court's decision unless the Court issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That standard is met when "reasonable jurists could debate whether ... the petition should have been resolved in a different manner." *Welch v. United States*, 136 S. Ct. 1257, 1263 (2016) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, reasonable jurists would not debate the Court's conclusion that Pearson is not entitled to a modified sentence under the First Step Act. Thus, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED**.

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: January 13, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 13, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764